## THE STATE vs. MILLS.

The verdict of a jury, in a criminal prosecution, is of no validity until delivered by the jury, in court: and if the clerk receive the verdict, in the recess of the court, without the direction of court or consent of parties, and the jury disperse, a *venire de novo* should be awarded.

*Appeal from Van Buren Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

JOHNSON, Attorney General, for the State.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Mills was indicted in the Van Buren Circuit Court for an assault and battery. He pleaded not guilty, and was put upon his trial. After the evidence was introduced, and the case submitted to the jury, the Court took a recess for dinner. Before the Court met again, the jury returned to the clerk a verdict of not guilty, which he received, and the jury were " dismissed by the sheriff," says the bill of exceptions, and permitted to disperse.

After the Court met, the prosecuting attorney filed a motion to set aside the verdict, because it was delivered to the clerk in the recess of the Court, without the direction of the Court, or consent of parties: the Court overruled the motion, and rendered judgment upon the verdict, discharging the defendant. The prosecuting attorney excepted and appealed.

The verdict was of no validity until delivered, by the jury, in Court. The clerk had no authority to receive it. 1 *Bacon*

OF THE STATE OF ARKANSAS. 477

*Abr., Title, Verdict, letter B; 3 Johnson Rep.* 255; 1 *Johns. Cases* 308; 7 *John. R.* 32; 6 *Ib.* 68.

The judgment is reversed, and the cause remanded with instructions to the Court to set aside the verdict, and award a *venire de novo.*